IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:16-CR-3118 |
| vs. | ORDER |
| JOVANI JACOBO, | |
| Defendant. | |

This matter is before the Court on the defendant's Emergency Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (filing 44). The defendant's motion will be denied because he hasn't exhausted his administrative remedies.

Pursuant to § 3582(c)(1)(A)(i), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.

But the initial barrier to the defendant's motion is exhaustion of administrative remedies: the Court may consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). In other words, the Court may consider the defendant's motion after either (1) the defendant has fully exhausted all administrative rights to appeal or (2) the lapse of 30 days from the receipt of such a request by the warden. § 3582(c)(1)(A). But neither condition is satisfied here: there is nothing in the defendant's motion to indicate that his request for compassionate release has been presented to the warden of his institution. *See* filing 44. Accordingly, the Court will deny the defendant's motion, without prejudice, pending a showing that his administrative remedies have been sufficiently exhausted as required by § 3582(c)(1)(A).

>IT IS ORDERED that the defendant's motion to reduce sentence (filing 44) is denied without prejudice to reassertion subject to exhaustion of his administrative remedies.

>Dated this 5th day of June, 2020.

>>BY THE COURT:

>>*John M. Gerrard*
>>John M. Gerrard
>>Chief United States District Judge

- 2 -